IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVNIA

| Theresa Tarasar, | |
| --- | --- |
| Plaintiff, | |
| v. | |
| Discover Financial Services, | |
| Defendant. | FILED ELECTRONICALLY |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the Act"). Defendant made multiple calls to Plaintiff on a number assigned to a cellular telephone service.

### II. JURISDICTION AND VENUE

2. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012).

3. Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendant transacts business here.

### III. PARTIES

4. Plaintiff is a natural person residing at 211 Susquehanna Avenue, Olyphant, PA 18447.

5. Defendant, Discover Financial Services, is a corporation with a place of business located at 2500 Lake Cook Road, Riverwoods, IL 60015. At all relevant times, Defendant placed calls to individuals in this state.

### IV. STATEMENT OF CLAIM

6. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff has a cellular telephone number that she has had at all relevant times. Plaintiff has only used this number as a cellular telephone number, and does not believe that it was ever ported from a wireline service.

9. At all relevant times this phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

*Count 1- Violation of the Act*

10. The foregoing paragraphs are incorporated herein by reference.

11. Defendant called Plaintiff's cell phone number an unknown number of times.

12. These telephone calls were not made for "emergency purposes", as defined in 47 C.F.R. § 64.1200.

13. These telephone calls were not made with the Plaintiff's prior express consent.

14. As part of its collection strategy, Defendant uses a dialer to place calls to individuals.

15. On a daily basis Defendant inputs telephone numbers that the dialer then calls throughout the day.

16. Although a human being may have been involved in inputting the numbers to be called by the dialer, the call is actually *placed* without any human intervention.

17. The dialer is an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1).

18. It is believed, and therefore averred, that Defendant used the dialer when it called Plaintiff's cell phone.

19. It is believed, and therefore averred, that Defendant used an artificial voice or a prerecorded voice when it called Plaintiff's cell phone.

20. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call made by Defendant to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff demands judgment against Defendant for damages and such other and further relief as the court deems just and proper.

### *Count 2 - Willful Violation of the Act*

21. The foregoing paragraphs are incorporated herein by reference.

22. Plaintiff is entitled to increased damages, as these calls were made willfully and/or knowingly. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

23. For each violation that was made willfully and/or knowingly, the court may, in its discretion, increase the amount of the award to an amount equal to, but no more than, $1,500.00 per call.

WHEREFORE, Plaintiff demands judgment against Defendant for damages and such other and further relief as the court deems just and proper.

### *Count 3- Injunctive Relief*

24. The foregoing paragraphs are incorporated herein by reference.

25. Plaintiff is entitled to injunctive relief to prohibit such further conduct from Defendant.

26. Plaintiff requests that the Court permanently enjoin Defendant from making calls to cell phones using an artificial voice, a prerecorded voice, or an automatic telephone dialing system, as that term is defined in 47 U.S.C.

§ 227(a)(1), unless they are made for emergency purposes or Defendant can show that the recipient provided prior express consent to receive such calls.

WHEREFORE, Plaintiff demands judgment against Defendant for injunctive relief and such other and further relief as the court deems just and proper.

V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

s/ Brett Freeman
Brett Freeman
Bar Number: PA 308834
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Attorney for Plaintiff
Phone (570) 341-9000
Facsimile (570) 504-2769
Email bfecf@bankruptcypa.com

## Verification of Complaint and Certification
## by Plaintiff Theresa Tarasar

Plaintiff, Theresa Tarasar, being duly sworn according to law, deposes as follows:

1. I am the plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 26, 2012.

_____
Theresa Tarasar, Plaintiff